[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14678
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-14021-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK ALDRICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 22, 2019)

Before WILSON, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Jack Aldrich appeals the district court's denial of his motion to modify a special condition of supervised release.  He has also filed a "motion to appeal," contending that the district court failed to consider issues that he raised in the motion for modification.  The district court did not abuse its discretion in denying Aldrich's motion to modify the supervised release condition because the relevant statutory factors and binding precedent support the condition.  We therefore affirm the order of the district court and deny Aldrich's motion to appeal as moot.

## I.

In May 2008, Aldrich pleaded guilty to a single count of using a computer to persuade, induce, entice, or coerce a minor to engage in sexual activity, and attempting to do so, in violation of 18 U.S.C. § 2422(b).  The offense conduct arose from a series of communications, via Internet chatroom and phone, between Aldrich and an undercover officer ("UC") posing as a 15-year-old female and involved Aldrich masturbating in front of the UC through a web camera.  In addition to admitting to these communications during a post-arrest interview, Aldrich admitted to recent communications with a 14-year-old female, as well as to a 1993 arrest for masturbating in front of female high school students.

In September 2008, Aldrich was sentenced to a term of 168 months' imprisonment followed by a lifetime term of supervised release.  The district court imposed the following "computer possession restriction" as a special condition of

2

supervised release: "The defendant shall not possess or use any computer; except that the defendant may, with the prior approval of the Court, use a computer in connection with authorized employment."

Ten years later, Aldrich filed a motion to modify the computer possession restriction pursuant to 18 U.S.C. § 3583(e)(2), which governs the modification of supervised release conditions. Aldrich first argued that the condition was inconsistent with the 18 U.S.C. § 3553(a) factors referenced in 18 U.S.C. § 3583(d), which governs the imposition of supervised release conditions. Aldrich contended that the condition would make getting a job "extremely difficult," that its reference to "authorized employment" was ambiguous, and that gaining court approval for computer usage would impede his job prospects. He also asserted that the condition was unnecessary to protect the public and would have a negative impact on his ability to access certain training programs and information. Second, and relatedly, Aldrich argued that the condition imposed a greater deprivation of liberty than reasonably necessary. Finally, relying, in part, on *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), Aldrich argued that the condition violated the First Amendment. He attached to the motion a statement indicating that he had not been disciplined while in prison and had been allowed to use a computer for certain purposes without incident, as well as records detailing his educational and work history while in prison.

The government responded that Aldrich's motion was premature because it was "filled with conjecture about events that may or may not happen" upon his expected release from custody, and that although Aldrich had behaved well in prison, the court did not know how he would conduct himself later. The government argued that Aldrich's history and characteristics, the serious nature of the offense, deterrence, and public protection all weighed in favor of denying the motion without prejudice.

In October 2018, the district court, "having reviewed the record" and the government's opposition, denied Aldrich's motion without prejudice as premature. The court stated that Aldrich could refile his motion upon his release from prison, at which time he could present "any actual, 'real life scenario and facts' regarding his employment etc." relating to the condition.

## II.

We review the denial of a motion to modify the conditions of supervised release for an abuse of discretion. *See United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014) (reviewing modification of a condition of probation under this standard). Under this standard, we will not reverse absent a "definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached." *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) (per curiam) (alteration in original) (citation omitted).

4

III.

In imposing or modifying a condition of supervised release, a district court is required to take into consideration certain factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(d), (e); *see also* U.S.S.G. § 5D1.3(b).  With respect to the modification of a supervised release condition, the relevant factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)).  "It is not necessary for a special condition to be supported by each § 3553(a) factor; rather, each factor is an independent consideration to be weighed." *United States v. Tome*, 611 F.3d 1371, 1376 (11th Cir. 2010).  For sex offenses, the Sentencing Guidelines include a policy statement recommending "[a] condition limiting the use of a computer or an interactive computer service in cases in which the defendant used such items."  U.S.S.G. § 5D1.3(d)(7)(B).

In general, a claim is not ripe for review "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v.*

5

*United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted). In *United States v. Zinn*, we held that although a prisoner's challenge to the imposition of a supervised release condition requiring him to submit to polygraph testing as part of his sex offender treatment was generally ripe for review, speculative arguments concerning the implementation of the condition were not. 321 F.3d 1084, 1088–89, 90–92 (11th Cir. 2003) (rejecting arguments against polygraph testing, in which defendant contended that he may be forced to answer an incriminating question or that the probation officer overseeing testing might abuse his authority, as hypothetical).

A sentencing court need not discuss each § 3553(a) factor or even explicitly state that the § 3553(a) factors were considered as long as the record clearly implies that they were taken into account. *See United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017) (per curiam). For example, in the context of a motion to reduce sentence, a short order stating that the district court had reviewed the record, the defendant's motion, and the government's opposition provided sufficient reason for denying the motion; notably, both the defendant's motion and the government's discussed the § 3553(a) factors. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322–23 (11th Cir. 1997).

While a condition of supervised release "should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a

6

probationer's ability to exercise constitutionally protected rights." *Tome*, 611 F.3d at 1376 (citation and internal quotation marks omitted). In numerous decisions involving sex offenses that relied upon a computer, we have uniformly "upheld conditions limiting computer access, emphasizing that such access could well enable a sex offender to offend once again." *United States v. Carpenter*, 803 F.3d 1224, 1239 (11th Cir. 2015). When we first addressed this issue in *Zinn*, we recognized the importance of the Internet as a resource for information, communication, and commerce. *Zinn*, 321 F.3d at 1092–93. Nevertheless, we affirmed the imposition of a three-year condition prohibiting a defendant from using a computer with Internet access without his probation officer's approval because the facts of that case—which involved digital images of child pornography presumably obtained from the Internet—highlighted the need to protect the public and sex offenders themselves from potential Internet abuses. *Id.* at 1093 & n.11. We also concluded that the condition was narrowly tailored because the defendant could still use the Internet with the permission of his probation officer. *Id.* at 1093. More recently, in *Carpenter*, we affirmed on plain-error review the imposition of a lifetime supervised release condition prohibiting a defendant from using any computer or access device except in connection with authorized employment and with prior court approval. *Carpenter*, 803 F.3d at 1239–40.

In 2017, the Supreme Court struck down on First Amendment grounds a North Carolina statute making it a felony for any registered sex offender to access social networking websites where minors could also become members. *Packingham*, 137 S. Ct. at 1736–37. The Court observed that the statute was not narrowly tailored to preventing sex crimes against minors and was directed to persons who had already served their sentences and were no longer subject to court supervision. *Id.* at 1737.

Aldrich's arguments that the computer possession restriction would make it difficult to gain employment and would have a negative impact on his ability to access training programs or other information were premature because they were contingent upon hypothetical events that may or may not occur upon his release from prison. *See Texas*, 523 U.S. at 300; *Zinn*, 321 F.3d at 1090–92. But his other arguments—generally contending that the condition involved a greater deprivation of liberty than necessary or violated the First Amendment—may not have been premature because he will ultimately be subject to the condition upon release. *See Zinn*, 321 F.3d at 1088–89. But even if Aldrich's motion was not premature in its entirety, the district court did not abuse its discretion in denying it without reference to the § 3553(a) factors or Aldrich's other arguments.

First, the record as a whole demonstrates that the § 3553(a) factors were properly considered. Aldrich's motion discussed the § 3553(a) factors, the

government responded that "[t]he history and characteristics of the defendant, the serious nature of the offense, deterrence, and public protection," supported denying the motion, and the district court stated that it had considered the record and the government's opposition, all of which is sufficient to support a finding that the relevant statutory factors were taken into account, despite the court's conclusion that the motion was premature. *See Eggersdorf*, 126 F.3d at 1322–23. Moreover, given Aldrich's prior conduct, the fact that the instant offense relied on a computer, and precedent holding that an Internet usage restriction can protect both the public and sex offenders, the factors referenced by the government support the retention of the special condition. *See Zinn*, 321 F.3d at 1093.

Second, to the extent that it had jurisdiction to consider them, the district court did not abuse its discretion in rejecting Aldrich's other arguments without comment. This Court has upheld similar computer usage conditions, which are recommended by the sentencing guidelines, as narrowly tailored. *See id.*; U.S.S.G. § 5D1.3(d)(7)(B). As to Aldrich's First Amendment challenge, *Packingham* is distinguishable in that it restricted social media access for all registered sex offenders, regardless of the nature of their crime, and notwithstanding the fact that they had completed their sentences and were no longer under court supervision. *See Packingham*, 137 S. Ct. at 1737.

IV.

For the reasons set forth above, the district court's denial of Aldrich's

motion to modify a special condition of supervised release is AFFIRMED.

Aldrich's motion to appeal is DENIED as moot.